UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

V.                                                                              CRIMINAL ACTION NO.
                                                                                      3:93CR42- J

ROBERT ANTHONY ANDERSON

### MEMORANDUM OPINION

This case is before the Court on Mr. Anderson's "Nunc Pro Tunc Motion Challenging Jurisdiction and Request for Pragmatic Remedy to Correct the Error." The Court appreciates the novelty of the name given the motion, but a reading of the motion itself shows that Mr. Anderson is challenging the underlying conviction, such that this is properly treated as a challenge pursuant to 28 U.S.C. Sec. 2255. For the reasons set out below, the Court concludes that it lacks jurisdiction and is required to transfer this matter.

In November of 1993, a jury convicted Mr. Anderson of trafficking in cocaine. Because of the volume of drugs involved and because of Mr. Anderson's previous drug convictions, a sentence of life imprisonment was statutorily mandated. 21 U.S.C. Sec. 841(b)(1)(A). Mr. Anderson appealed, and the United States Court of Appeals affirmed in January of 1996. Mr. Anderson concedes that he filed an unsuccessful challenge pursuant to 28 U.S.C. Sec. 2255. The record reflects that the Sixth Circuit affirmed this Court's denial of that Sec. 2255 motion, and further reflects that the Sixth Circuit denied Mr. Anderson permission to file a successive Sec. 2255 motion in 2006.

In the current paper, Mr. Anderson argues that he could not have been convicted of violation

of Sec. 841(b)(1)(A) because the indictment did not allege a "quantity of drugs capable to qualify a 841(b)(1)(A)." He then contends that this necessarily meant he was charged with and convicted of violation of Sec. 841(a)(1) and 841(b)(1)( C), for which a sentence of life imprisonment was not authorized. Thus, Mr. Anderson is plainly challenging the judgment entered in August 1994, and it necessarily follows that his current motion is properly treated as a challenge pursuant to 28 U.S.C. Sec. 2255.

As Mr. Anderson has previously filed a Sec. 2255 petition, the Court has no jurisdiction to address the merits of the current challenge. Notwithstanding Mr. Anderson's objections to transfer and his appeal to the "inherent equitable powers" of the Court, the undersigned is governed by the rule of law. This Court has no authority to consider this motion, and is required to transfer the matter to the United States Court of Appeals for the Sixth Circuit. In re Sims, 111 F.3d 45 (6th Cir. 1997).

An order in conformity has this day entered.