UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

V.                                                 CRIMINAL ACTION NO.
                                                                           3:93CR42- J

ROBERT ANTHONY ANDERSON

## MEMORANDUM OPINION

This case is before the Court on Mr. Anderson's Motion for Relief From Judgment Pursuant to Rule 60(b)(3), (4), and (6), Federal Rules of Civil Procedure. The United States argues that the attempt to use Fed.R.Civ.P. 60 for an attack on the judgment based on Apprendi v. New Jersey, 530 U.S. 466 (2000) constitutes an attempt to bypass 28 U.S.C. Sec. 2255's prohibition against successive petitions. The Court agrees.

In November of 1993, a jury convicted Mr. Anderson of trafficking in cocaine. Because of the volume of drugs involved and because of Mr. Anderson's previous drug convictions, a sentence of life imprisonment was statutorily mandated. 21 U.S.C. Sec. 841(b)(1)(A). Mr. Anderson appealed, and the United States Court of Appeals affirmed in January of 1996. Mr. Anderson concedes that he filed an unsuccessful challenge pursuant to 28 U.S.C. Sec. 2255. The record reflects that the Sixth Circuit affirmed this Court's denial of that Sec. 2255 motion, and further reflects that the Sixth Circuit denied Mr. Anderson permission to file a successive Sec. 2255 motion in 2006.

In 2008, Mr. Anderson filed a document entitled "Nunc Pro Tunc Motion Challenging Jurisdiction and Request for Pragmatic Remedy to Correct the Error." This Court treated it as a

1

request to file a successive Sec. 2255 motion and transferred it to the United States Court of Appeals for the Sixth Circuit.  Shortly thereafter, Mr. Anderson voluntarily dismissed that proceeding.

In the current paper, Mr. Anderson presents four claims. First, he contends that this Court erred by failing to address his argument of ineffective assistance of counsel. This contention is without merit. The basis of his argument is that he was represented sequentially by two different attorneys; he argues that the first of the two was ineffective with regard to a sentencing enhancement. We need not decide that issue, however, given that any such inadequacy did not prejudice Mr. Anderson: The second of the two attorneys raised the issue and vigorously presented it. Thus, as found by the United States Magistrate Judge in an analysis adopted by the undersigned, Mr. Anderson failed to establish one of the two essential elements of an ineffective assistance claim.

The other three arguments presented in the current paper concern challenges to the original conviction. The Supreme Court addressed Rule 60(b) motions in <u>Gonzalez v. Crosby</u>, 125 S.Ct. 2641, 2647-2648 (2005), holding that a new claim raised in a Rule 60(b) motion must be construed as an application for authorization to file a second or successive motion to vacate under 28 U.S.C. Sec. 2255, paragraph 8. Accordingly, the Court has no jurisdiction to address the merits of the current challenge. This Court has no authority to consider this motion, and is required to transfer the matter to the United States Court of Appeals for the Sixth Circuit. <u>In re Sims</u>, 111 F.3d 45 (6th Cir. 1997).

An order in conformity has this day entered.