UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                    CRIMINAL ACTION NO. 3:93-CR-42-M

ROBERT ANTHONY ANDERSON                                                     DEFENDANT

## MEMORANDUM AND ORDER

Before the Court is a *pro se* motion filed by Defendant Robert Anthony Anderson seeking to reduce his sentence (DN 258). For the following reasons, the Court will deny Defendant's motion, which is another in a long series of attempts by Defendant to reduce his life sentence.

### I.

In November of 1993, a jury convicted Defendant of trafficking in cocaine. Due to the volume of drugs involved and because of Defendant's previous drug convictions, a sentence of life imprisonment was statutorily mandated. 21 U.S.C. § 841(b)(1)(A). Defendant appealed, and the United States Court of Appeals for the Sixth Circuit affirmed in January 1996. Defendant filed an unsuccessful challenge pursuant to 28 U.S.C. § 2255. The Sixth Circuit affirmed this Court's denial of that § 2255 motion. The Sixth Circuit denied Defendant permission to file a successive § 2255 motion in 2006. In 2008, Defendant filed another motion to reduce his sentence, which this Court found to be properly treated as another § 2255 motion and transferred to the Sixth Circuit. Defendant then filed a motion for relief from judgment under Fed. R. Civ. P. 60, which this Court found to be yet another application for authorization to file a second or successive § 2255 motion. Additional attempts to challenge his sentence followed.

In the instant motion (DN 258), Defendant requests that this Court modify his sentence

pursuant to 18 U.S.C. § 3582(c)(2) "based on (partial) of amendment (506)" and the unique circumstances of his case requiring reconsideration of Amendment 484. He also points to this Court's oral stipulations in this case that Defendant barely met the criteria for the enhancement of this crime, and he argues that there was an *ex post facto* violation in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013). He further points to the Court's previous "variance" in this case, *i.e.*, the Court's statement at sentencing that if it were within its power to depart downwards it would;[1] the Supreme Court's recent decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Freeman v. United States*, 131 S. Ct. 2685 (2011); and his efforts toward rehabilitation. In response, the United States argues that Defendant does not qualify for relief under § 3582(c)(2) because the Court sentenced him to the statutory mandatory minimum and that § 3582(c) provides narrow relief only for a defendant who has been sentenced under a Guideline range subsequently lowered by the Sentencing Commission. The United States also argues that this Court should affirm its previous finding that Defendant does not have a valid Amendment 484 claim under § 3582(c)(2) under the law-of-the-case doctrine. Finally, the United States argues that Defendant's claim that Amendment 506 lowers his Guideline range is without merit because the Court sentenced Defendant to the statutory minimum which became his Guideline sentence, and thus Amendment 567 to the Guidelines (which replaced Amendment 506) cannot lower his Guideline range.

---

[1] The language highlighted by Defendant and attached as an exhibit to his motion is: "The Court interprets the statute to mean it cannot make a downward departure with respect to this case. Were it within the power of the Court we would depart. The Court believes that a lesser sentence, but a long sentence, say 30 to 40 years, would be appropriate in this case considering not only the defendant's age, but considering the statutory mission of the Sentencing Reform Act as stated by Congress."

In his reply (DN 260), Defendant argues that in recent years the federal courts have been re-interpreting § 3582(c)(2) motions to relieve Defendants of even statutory mandatory minimum sentences. He also argues that the United States has misconstrued and misapplied Amendments 506 and 567 in his case. Finally, Defendant argues that, by remaining silent as to his other arguments presented in his motion, the United States has admitted their veracity.

**II.**

Section 3582(c) of Title 18 of the U.S. Code provides that the Court may not modify a term of imprisonment once it has been imposed except in limited circumstances. A defendant may move for a reduction in sentence under that statute only based on a lowering of the sentencing range by the Sentencing Commission. § 3582(c)(2).

In U.S.S.G. § 1B1.10, the Sentencing Commission identified the amendments that may be applied retroactively through § 3582(c)(2), and explained the "limited nature" of § 3582 relief. *See United States v. Johnson*, 564 F.3d 419, 422 (6th Cir. 2009). Section 1B1.10 provides:

> (1) In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if-
>
> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a). The Application Note to this section explains that a retroactive amendment

3

does not have the effect of lowering the defendant's applicable guidelines range where the defendant's original sentence was dictated by a statutory minimum. Section 1B1.10 cmt. n.1A states:

> 1. Application of Subsection (a).
> (A) Eligibility.--Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance). Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (***e.g., a statutory mandatory minimum term of imprisonment***).

(Emphasis added.)

Defendant was sentenced to life imprisonment in August 1994 based on the statutory mandatory minimum due to his drug trafficking crimes and prior felony convictions. Thus, it is clear that § 3582(c) does not provide relief to Defendant.

Even were the Court to consider Defendant's other arguments, they do not avail Defendant. In *Peugh*, a direct criminal appeal, the Supreme Court held that the *Ex Post Facto* Clause requires that a defendant be sentenced under the Sentencing Guidelines in effect at the time of the offense rather than those in effect at the time of sentencing if the newer Guidelines carry a higher applicable sentencing range. Again, here, Defendant was sentenced pursuant to the statute. Moreover, his argument relating to *Peugh* is another attempt to argue that Amendment 484 should have applied, an argument which has already been considered by this Court and the Sixth Circuit.

The Court finds that Defendant's arguments regarding Amendment 484 are precluded by

the law-of-the-case doctrine. Defendant argues, again, that this Court effectively used the 1992 guidelines in sentencing him. The Sixth Circuit, in its July 5, 2012, affirmance of this Court's denial of Defendant's previous § 3582(c) motion, held that the claim that this Court "applied the incorrect version of the Sentencing Guidelines does not fall within the scope of § 3583(c)(2)" (DN 254). "An earlier appellate court's decision as to a particular issue may not be revisited unless 'substantially new evidence has been introduced, . . . there has been an intervening change of law, or . . . the first decision was clearly erroneous and enforcement of its command would work substantial injustice.'" *United States v. Corrado*, 227 F.3d 528, 533 (6th Cir. 2000) (quoting *Miles v. Kohli & Kaliher Assocs., Ltd.*, 917 F.2d 235, 241 n.7 (6th Cir. 1990)). Defendant has not shown that any of the exceptions to the law-of-the-case doctrine apply here, and the Sixth Circuit's previous holding as to this argument is law of the case.

Defendant's reliance on Amendment 506 also fails. Controlling authority holds that Amendment 506 is invalid because it conflicted with a congressional mandate to designate recidivist sentences at or near the maximum term authorized. *See United States v. LaBonte*, 520 U.S. 751, 757-62 (1997); *United States v. Branham*, 97 F.3d 835, 849 (6th Cir. 1996).

*Alleyne*, cited by Defendant, has no application to a § 3582(c) motion: § 3582(c) "is not the appropriate mechanism to assert the retroactive application of *Alleyne v. United States*, 133 S. Ct. 2151 (2013)." *United States v. Outlaw*, ___ F. App'x ____, No. 13-6999, 2013 WL 5433519, at *1 n.* (4th Cir. Sept. 30, 2013) (per curiam); *see also Wise v. United States*, Civil Action No. 2:13cv636-MHT, 2013 WL 5524103, at *2 (M.D. Ala. Oct. 2, 2013) ("Manifestly, however, *Alleyne* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission [and] *Alleyne* is inapplicable to motions under §

5

3582(c)(2).").

Finally, Defendant's post-conviction rehabilitation is not grounds for modifying a sentence under § 3582(c). As previously set forth, § 3582(c) provides that the Court may not modify a term of imprisonment once it has been imposed except in limited circumstances. Under that statute, a defendant may move for a reduction in sentence only based on a lowering of the sentencing range by the Sentencing Commission. § 3582(c)(2). In that case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." *Id.* (emphasis added). The Sentencing Guidelines also provide "proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." U.S.S.G § 1B1.10(a)(3). Thus, consideration of Defendant's post-conviction conduct is not appropriate here.

Since filing his reply, Defendant has filed a request for this Court to take judicial notice of *United States v. Long*, No. 3:11-cr-147-J-32JRK, 2013 WL 3832373 (M.D. Fla. July 23, 2013) (DN 261), and of *United States v. King*, No. 99-CR-952-1, 2013 WL 4008629 (N.D. Ill. Aug. 5, 2013) (DN 262). Neither of these cases is controlling precedent for this Court.

*Long* did not involve a § 3582(c) motion. Instead, what Defendant cites to is an order in a criminal case tried by the bench as to whether the weight of a mixture or substance which is an unusuable toxic waste byproduct may be included in the methamphetamine drug weight calculation. Nothing in *Long* leads this Court to find that Defendant's § 3582(c) motion should be granted.

The *King* decision did involve a § 3582(c) motion. The United States points out in its

response that *King*'s reliance on *Peugh* was questionable as *Peugh* was a direct appeal case. In any event, as the United States points out, this Court need not decide if *King* is correct because Defendant is not eligible for a reduction and therefore the question of which version of U.S.S.G. § 1B1.10 applies, which was considered by the *King* court, does not exist here.[2] The Court agrees because, here, Defendant was sentenced according to statute, not the Guidelines.

### III.

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to reduce his sentence (DN 298) is **DENIED**.

Date: October 31, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Defendant, *pro se*
U.S. Attorney
4414.009

---

[2] A review of the docket sheet of that case on PACER.gov reveals that this decision is on appeal on the United States's notice of appeal.